UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUBEN DARIO GONZALEZ AGUILLON,

Petitioner,

v.

RAUL MALDONADO, JR., *Warden, MDC Brooklyn*; KENNETH GENALO, *Field Office Director, ICE New York*; MARKWAYNE MULLIN, *Secretary of Homeland Security*,

Respondents.

**TEMPORARY RESTRAINING ORDER**
26-CV-5055 (NRM)

**NINA R. MORRISON**, United States District Judge:

Petitioner Ruben Dario Gonzalez Aguillon is a 43-year-old Ecuadoran citizen who has lived in the United States for nearly twenty years; he is also the father of two children who are United States citizens. He was arrested on August 17, 2026 by Immigration and Customs Enforcement ("ICE") and on August 19, 2026, he filed the instant Petition for Writ of Habeas Corpus (the "Petition"), ECF No. 1, by and through counsel.[1] Petitioner alleged that his detention violates his constitutional and statutory rights and sought entry of an order directing his immediate release from detention.

The case was assigned to the undersigned on August 19, 2026, at which time the Court issued an Order to Show Cause ("OTSC"), directing Respondents to file, by

[1] Petitioner also filed a motion for an Order to Show Cause shortly after the Petition was filed. ECF No. 2.

12:00 p.m. on August 20, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026). The Court further directed that, if Respondents asserted no basis to distinguish this Petition from *H.A.C.F.*, the submission could take the form of a letter so stating, and indicating whether Respondents continue to oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal.

Respondents filed a response on August 20, 2026, arguing that this case should be transferred to the United States District Court for the District of New Jersey because Petitioner had been transferred to a detention facility in Newark, New Jersey the night before his petition was filed, depriving this Court of jurisdiction to adjudicate the Petition. ECF No. 7 ("Resp'ts' OTSC Resp. I"). Respondents also took the position that Petitioner was processed for detention pursuant to 8 U.S.C. § 1226(a). *Id.* at 1.

Petitioner replied that same date (August 20, 2026) and opposed Respondents' motion to transfer. ECF No. 11 ("Pet'r's Reply"). On August 21, 2026, the Court issued an Order directing Respondents to file a supplemental OTSC response while the Court reviewed the parties' respective arguments and authorities on the question of where the petition may be heard. *See* Dkt. Order dated Aug. 21, 2026. The next

day, the Court scheduled a hearing and oral argument on Respondents' motion to transfer for August 26, 2026. Dkt. Order dated Aug. 22, 2026.

Respondents timely filed a supplemental OTSC response on August 24, 2026, acknowledging that "they cannot show that an individualized custody determination was conducted for Petitioner prior to his detention." *See* ECF No. 12 ("Resp'ts' OTSC Resp. II") at 1. While preserving all rights to appeal, Respondents did not dispute that the failure to provide Petitioner with an individualized custody determination prior to his detention runs counter to this Court's conclusion in *H.A.C.F.* that such process is required for persons who, like Petitioner, are detained pursuant to 8 U.S.C. § 1226(a). *Id.* Respondents also reiterated their earlier position that the Court should transfer the Petition to the District of New Jersey for consideration on the merits. *Id.*

The Court held a hearing on Respondents' motion to transfer on August 26, 2026, at which Petitioner (still under Respondents' custody) appeared. The Court reserved decision on the motion. Following the hearing, by Order dated August 26, 2026, the Court denied Respondents' motion to transfer this case to the District of New Jersey. ECF No. 18.

From the parties' filings to date, the exhibits attached to their submissions, and the representations of counsel at the hearing, the following facts are undisputed. Petitioner entered the United States in 2007 and filed an application for asylum some time thereafter. Pet. ¶ 15. The Immigration Judge ("IJ") terminated his immigration proceedings on October 7, 2022. Pet. Tab D at 10–11, ECF No. 1-1. At the August 26

hearing, Petitioner's counsel represented to the Court — and Respondents' counsel did not dispute — that the IJ terminated Petitioner's immigration proceedings because the government elected to close removal proceedings against Petitioner as a matter of "prosecutorial discretion," thereby mooting Petitioner's pending claim for asylum. He had no pending immigration court proceedings between October 2022 until his arrest and detention last week.

Then, on the morning of August 17, 2026, ICE arrested Petitioner at the Nassau County Probation Department. Decl. of Deportation Officer Rothshild Sanon ("Sanon Decl.") ¶ 3. He was transferred to Nassau County Correctional Center that same day, and at some point was served a Notice to Appear in immigration court on August 24, 2026, at 201 Varick Street, New York, New York. *Id.* ¶ 4; ECF No. 11-3 at 1, 3. Also on August 17, 2026, (1) ICE issued a Notice to the Executive Office for Immigration Review ("EOIR") — indicating that Petitioner was detained at Metropolitan Detention Center ("MDC") in Brooklyn, New York — and (2) EOIR publicly docketed and served Petitioner with a Notice of In-Person Hearing, listing his address as MDC Brooklyn, and notifying him that the hearing was to be held at MDC on August 21, 2026. Pet. Tab A at 2, ECF No. 1-1; ECF No. 11-1; ECF No. 11-2 at 1.

On August 18, 2026, Petitioner was transferred to Delaney Hall Detention Facility in Newark, New Jersey. Sanon Decl. ¶ 6. At no point during or after his August 17, 2026 arrest has Petitioner appeared before an IJ (or any other neutral magistrate) for a bond hearing, nor did he receive any other form of individualized,

pre-detention custody determination.

Accordingly, the Court finds that Petitioner has sufficiently demonstrated that he is likely to succeed on the merits of his claim that his detention was unlawful, and that he would suffer irreparable harm if temporary relief was not granted. For those reasons and the reasons that follow, the Court hereby issues a **TEMPORARY RESTRAINING ORDER** directing Respondents to release Petitioner from custody and enjoining Respondents from re-detaining Petitioner while the terms of this Order otherwise remain in effect and the Court considers the merits of the underlying Petition.

Under Second Circuit law, a temporary restraining order is appropriate when a party can demonstrate: "(1) irreparable harm in the absence of an injunction pending resolution of the action; (2) either a likelihood of success on the merits OR both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that the emergency relief is in the public interest." *Iza v. Larocco*, No. 25-CV-6915 (NJC), 2025 WL 3712274, at *3 (E.D.N.Y. Dec. 22, 2025) (citing *Nat'l Am. Soccer League, LLC v. U.S. Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018)). "The movant must also show that the balance of equities supports the issuance of an injunction [or temporary restraining order]." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 280 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021); *see also Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 416 F. Supp. 3d 249, 251 (E.D.N.Y. 2019) ("The standards for a preliminary injunction and temporary restraining order are identical."). "When the government is a party to the suit, [a

court's] inquiries into the public interest and the balance of the equities merge." *We The Patriots USA*, 17 F.4th at 295 (citing *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 58–59 (2d Cir. 2020)).

The Court here finds that Petitioner is likely to succeed on the merits of his claim that his detention violated his constitutional and statutory rights. Respondents assert that Petitioner was detained under 8 U.S.C. § 1226(a). As this Court and many others have held, § 1226(a)'s implementing regulations require "an individualized determination as to whether the detention of a noncitizen is appropriate" *prior* to detention. *H.A.C.F.*, 2026 WL 861152, at *2 (quoting *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 491 (E.D.N.Y. 2025)); *see, e.g.*, *Grance v. Maldonado*, No. 26-CV-3346 (AMD), 2026 WL 1815931, at *4 (E.D.N.Y. June 24, 2026); *E.A.C.F. v. Areta*, No. 26-CV-03047 (MMG), 2026 WL 1213414, at *3 (S.D.N.Y. May 4, 2026); *Goorakanis v. Lyons*, No. 29-CV-9456 (DEH), 2025 WL 362896, at *11 (S.D.N.Y. Dec. 15, 2025); *Gopie v. Lyons*, No. 25-CV-05229 (SJB), 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025). Respondents concede that no individualized custody determination has been made regarding Petitioner's detention. *See* Resp'ts' OTSC Resp. II at 1.

Accordingly, the Court finds that Petitioner has sufficiently shown a likelihood of success in establishing that his detention violates his constitutional and statutory rights, because Petitioner has resided in the United States for almost twenty years and was entitled to an individualized, pre-detention bond determination under the Immigration and Nationality Act, 8 U.S.C. § 1226(a).

The Court further finds a strong likelihood of irreparable harm if Petitioner is

not released from his current detention. "There is no question that detention causes irreparable harm: indeed, every minute that someone is unlawfully denied freedom results in an injury that really can never be remedied." *Iza*, 2025 WL 3712274, at *8 (quoting *Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579, 595–96 (W.D.N.Y. 2025)). Additionally, Petitioner asserts that his detention violates his constitutional rights. Pet. ¶¶ 23–36. The Court's preliminary findings on that issue in turn increase the likelihood that he faces irreparable harm if not released from his current detention. *See Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (holding that a district court's finding that a plaintiff is "substantially likely to demonstrate a violation" of constitutional rights "serve[s] as an independent basis for the [] conclusion that the plaintiff would suffer irreparable harm in the absence of preliminary injunctive relief").

Finally, the Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in favor of Petitioner's immediate release from detention. In weighing

these interests, the Court notes that, as detailed by Petitioner's counsel at the August 26 hearing, Petitioner is the father of two U.S. citizen children, has lived in the United States for nearly twenty years, owns his own home, and owns and operates a highly successful restaurant within the Eastern District. The Court likewise finds that the public interest weighs in favor of this Temporary Restraining Order. *See We The Patriots*, 17 F.4th at 295; *Iza*, 2025 WL 3712274, at *8 ("Freedom from unlawful detention is undoubtedly within the public's interest.").

It is hereby:

**ORDERED**, that Respondents must release Petitioner from custody no later than **5:00 P.M. on Thursday, August 27, 2026**. Respondents, through counsel, shall file a letter on the docket no later than **7:00 P.M. on that same date (August 27, 2026)**, confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the terms of this Order otherwise remain in effect and the Court considers the merits of the underlying Petition.

The parties shall confer and file a joint letter no later than **5:00 P.M. on August 28, 2026**, indicating (1) whether Petitioner wishes to file an amended Petition and (2) a proposed briefing schedule on the merits of the Petition. The Court will adopt a more extended briefing schedule if the parties agree to convert this

Temporary Restraining Order to a preliminary injunction.

As an alternative to the above, Respondents may instead file a letter on the docket on or before **September 1, 2026**, indicating that they no longer seek to contest the relief sought in the writ and agree not to re-detain Petitioner absent compliance with § 1226(a), unless they obtain prior leave of this Court to do so, while still preserving their right to appeal or to seek a modification of this order in the event there is an intervening change in law or a material change in factual circumstances.

The foregoing **Temporary Restraining Order** shall expire on **September 10, 2026 at 11:00 A.M.** unless it is extended by further Order of this Court for good cause shown or otherwise. *See* Fed. R. Civ. P. 65(b)(2).

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: August 27, 2026 at 12:00PM
Brooklyn, New York