UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUBEN DARIO GONZALEZ AGUILLON,

Petitioner,

v.

RAUL MALDONADO, JR., *Warden, MDC Brooklyn*; KENNETH GENALO, *Field Office Director, ICE New York*; MARKWAYNE MULLIN, *Secretary of Homeland Security*,

Respondents.

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER TO PRELIMINARY INJUNCTION**
26-CV-5055 (NRM)

**NINA R. MORRISON**, United States District Judge:

Petitioner Ruben Dario Gonzalez Aguillon is a 43-year-old Ecuadoran citizen who entered the United States in 2007. On the morning of August 17, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents at the Nassau County Probation Department and transported to ICE's Nassau County Intake Center for booking and processing.

On August 19, 2026, he filed the instant Petition for Writ of Habeas Corpus (the "Petition"), ECF No. 1, by and through counsel.[1] The Court issued an Order to Show Cause ("OTSC"), directing Respondents to file an initial submission providing, *inter alia*, the statutory provision under which they assert the authority to detain Petitioner, and any basis to distinguish the asserted grounds for detention from this

[1] Petitioner also filed a motion for an Order to Show Cause shortly after the Petition was filed. ECF No. 2.

Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026).

Respondents first filed a response on August 20, 2026, moving to transfer this case to the United States District Court for the District of New Jersey, because Petitioner was located in Newark, New Jersey when his Petition was filed. ECF No. 7. Respondents also took the position that Petitioner was processed for detention pursuant to 8 U.S.C. § 1226(a). *Id.* at 1. Petitioner replied that same day in opposition to Respondents' transfer motion. ECF No. 11.

On August 21, 2026, the Court directed Respondents to file a supplemental OTSC response, addressing the remaining issues on the merits of the Petition that had been set forth in the OTSC, including whether the instant case was distinguishable from *H.A.C.F.* *See* Dkt. Order dated Aug. 21, 2026. Respondents timely supplemented their OTSC response on August 24, 2026, acknowledging that "they cannot show that an individualized custody determination was conducted for Petitioner prior to his detention." ECF No. 12 at 1. And while Respondents noted their continued disagreement with this Court's holding in *H.A.C.F.*, they acknowledged that Petitioner's case was not distinguishable from that decision and would likely be controlled by *H.A.C.F.* were the Court to adhere to it here. *See id.*

The Court held a hearing on Respondents' motion to transfer on August 26, 2026, at which Petitioner (still under Respondents' custody) appeared, and at which the parties made additional representations and offered certain exhibits that may be

relevant to both the motion to transfer and the merits of the underlying Petition. Later that day on August 26, 2026, the Court denied Respondents' motion to transfer this case to the District of New Jersey, by a brief written order. ECF No. 18. In that order, the Court noted that it would issue a longer Memorandum Opinion setting forth its reasoning in greater detail after the transcript of the hearing was prepared. *See id.* at ECF No. 1, 7.

The next day, on August 27, 2026, the Court issued a Temporary Restraining Order ("TRO") directing Respondents to release Petitioner and enjoining Respondents from re-detaining Petitioner pending the Court's further consideration of the merits of the Petition. ECF No. 19 at 8. The Court also directed the parties to confer and propose a briefing schedule regarding the merits of the Petition. *See id.*

On September 1, 2026, Respondents filed a letter response, reiterating the fact that no individualized custody determination was conducted for Petitioner prior to his detention and asserting that "Petitioner cannot be awarded any other habeas relief," due to his release from ICE custody. ECF No. 23 at 1. Petitioner replied the next day, seeking a preliminary injunction and noting that Respondents failed to agree that Petitioner would not be re-detained absent compliance with 8 U.S.C. § 1226(a), as ordered in the TRO. *See* ECF No. 24 at 1.

On September 3, 2026, the Court extended the TRO for good cause for another fourteen days and suspended all deadlines relating to further briefing on the Petition's merits until further notice. ECF No. 25.

## <u>DISCUSSION</u>

"The standards for granting a TRO are the same as those governing preliminary injunctions." *Byrthen v. City of New York*, No. 26-CV-02221 (RER) (PCG), 2026 WL 2666845, at *1 (E.D.N.Y. Sep. 10, 2026) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). As explained in the Court's TRO, and as further confirmed by Respondents' supplemental letter to the Court on September 1, 2026, Petitioner has sufficiently demonstrated that he is likely to succeed on the merits of his claim that his detention was unlawful, and that he will be irreparably harmed in the absence of continued preliminary injunctive relief. ECF No. 19 at 5–8.

In light of the current status of this matter, the present record, the applicable law, and Respondents' representation that this case is indistinguishable from this Court's reasoning in *H.A.C.F.*, the TRO is hereby converted into a preliminary injunction. In so doing, the Court incorporates by reference and reaffirms its initial findings and analysis in its August 27, 2026 temporary restraining order. *See Gonzalez Aguillon v. Maldonado Jr.*, No. 26-CV-5055 (NRM), 2026 WL 2529517 (E.D.N.Y. Aug. 27, 2026).

For the foregoing reasons, the TRO is converted into a preliminary injunction.

It is hereby:

**ORDERED**, that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the Court considers the merits of the underlying Petition.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: September 19, 2026
Brooklyn, New York